IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HOMER FRYE,

      Plaintiff,

v.                                         2:09 CV 25
                                          (Maxwell)

DR. ANDERSON, M.D.,
MR. DIB, Physician's Assistant,
MS. LAMBRIGHT, Health Services Administrator,
MS. KALD, Nurse,

      Defendants.

## ORDER

It will be recalled that on February 13, 2009, *pro se* Plaintiff Homer Frye initiated the above-styled civil action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

By Order To Show Cause entered March 13, 2009, Magistrate Judge Seibert gave the Plaintiff ten days from the date of entry thereof in which to show why his case should not be dismissed without prejudice for failure to comply with the Court's February 13, 2009, giving the Plaintiff twenty days in which to pay the $350.00 filing fee or file the appropriate forms for leave to proceed in forma pauperis. The Plaintiff's Application For Leave To Proceed Without Prepayment Of Fees and Affidavit was, thereafter, filed on March 16, 2009, and was granted by Order entered by Magistrate Judge Seibert on

March 31, 2009.

Thereafter, by Order To Answer entered May 26, 2009, Magistrate Judge Seibert found that summary dismissal was not appropriate at that time; directed the Clerk of Court to issue a sixty days summons to the Defendants and gave the Plaintiff thirty days from the date of any response by the Defendants in which to file a reply.

On August 4, 2009, A Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment was filed by the Defendants. A Memorandum In Support thereof was filed herein, under seal, by the Defendants on August 5, 2009.

Thereafter, on August 7, 2009, Magistrate Judge Seibert issued a Roseboro Notice directing the Plaintiff to file any response to the Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment within thirty days from the date of entry of said Order and advising the Plaintiff that a failure to file a response thereto might result in the entry of an Order dismissing his case. The Court's review of the docket herein reveals that no response to the Defendant's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment has, to date, been filed on behalf of the Plaintiff.

On October 1, 2009, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Defendant's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment be granted and that the Plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted. In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties

that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Seibert's October 1, 2009, Report And Recommendation have been filed and that this matter is now ripe for review. An October 13, 2009, docket entry in the above-styled civil actions reveals that, on October 7, 2009, service of the Plaintiff's copy of the Report And Recommendation was accepted.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Upon consideration of Magistrate Judge Seibert's October 1, 2009, Report And Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on October 1, 2009, (Docket No. 32), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment (Docket No. 27) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**ENTER:** November  25 , 2009

 /S/ **Robert E. Maxwell**
 United States District Judge